

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLODYMYR LITVINOV<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN OTAY MESA DETENTION CENTER, et al.<br><br>                                   Respondents. | Case No.:  25-CV-3393 JLS (AHG)<br><br>**ORDER REQURING SUPPLEMENTAL BRIEFING**<br><br>(ECF No. 12) |

Presently before the Court is Volodymyr Litvinov's First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 12).  Also before the Court are Respondents' Return to Amended Habeas Petition ("Ret.," ECF No. 18) and Petitioner's Traverse ("Traverse," ECF No. 21).

Petitioner alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since May 30, 2025.  Pet. at 2; Ret. at 1.  On April 17, 2022, Petitioner was granted parole, which was valid until April 15, 2023.  Ret. at 1.  DHS initiated removal proceedings pursuant to a Notice to Appear at the time it detained Petitioner.  Pet. at 4.  On October 17, 2024, an Immigration Judge ordered Petitioner removed to Ukraine.  Pet. at 4– 5; Ret. at 2.  However, Petitioner alleges that he maintained throughout removal

25-CV-3393 JLS (AHG)

proceedings that he is not a citizen of Ukraine, as he renounced his citizenship in 2019.[1] Pet. at 5. Petitioner further submits that he is a citizen of the Russian Federation and was granted withholding of removal to Russia. *Id.* Petitioner appealed the Immigration Judge's decision, and his appeal remains pending. *Id.* He has submitted multiple requests to ICE for bond and humanitarian parole to no avail.[2] *Id.* at 5–6.

Petitioner alleges this continued detention, now exceeding 180 days, violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.* at 9–12. Because removal proceedings remain ongoing pending Petitioner's appeal, the analysis under *Zadvydas v. Davis* does not apply. *See* 533 U.S. at 689. Nor is Petitioner a Member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), contrary to what Petitioner argues in his Traverse, *see generally* Traverse, since Petitioner was "apprehended upon arrival." *See* Ret., Ex. A at 2. Petitioner likewise is not lawfully subject to mandatory detention under § 1225, contrary to what Respondents argue, *see generally* Return, since he is not an applicant for admission. *See Cruz-Flores v. Noem*, No. 25-CV-3263 JLS (VET), 2025 WL 3526830, at *4 (S.D. Cal. Dec. 9, 2025).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Respondents submit that Petitioner is a citizen of both Ukraine and Russia, as he has not offered proof of his renunciation of Ukrainian citizenship. Ret. at 1 n.2.

[2] Respondents submit that Petitioner has twice withdrawn requests for bond and a third request remains pending. Ret. at 2.

25-CV-3393 JLS (AHG)

Because the Court cannot grant relief on the grounds advanced by the Petitioner—or deny it based on the grounds advanced by Respondents—the Court **ORDERS** Petitioner to submit supplemental briefing explaining the proper basis for relief, specifying what analysis the Court should apply in this case, <u>on or before February 24, 2026</u>.  Petitioner must include sufficient facts as to the circumstances of the granting and revocation of his parole.  Petitioner must also include an update as to the outcome of the bond hearing that was apparently scheduled for January 26, 2026.  *See* Ret. 2.  Respondents **SHALL RESPOND** to Petitioner's briefing <u>on or before March 10, 2026</u>.

**IT IS SO ORDERED.**

Dated:  February 3, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3

25-CV-3393 JLS (AHG)