UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLODYMYR LITVINOV,<br><br>                                      Petitioners,<br><br>v.<br><br>WARDEN OTAY MESA DETENTION CENTER, et al.,<br><br>                                      Respondents. | Case No.:  25-CV-3393 JLS (DDL)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) GRANTING MOTIONS TO SEAL**<br><br>(ECF Nos. 12, 25, 26) |

Presently before the Court are Petitioner Volodymyr Litvinov's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 12), Traverse (ECF No. 21), and Supplemental Briefing ("Pet. Supp.," ECF No. 23).  Also before the Court are Respondents' Return to Habeas Petition ("Ret.," ECF No. 18), Supplemental Briefing ("Resp. Supp.," ECF No. 24), and Motions to Seal ("Mots.," ECF Nos. 25, 26).[1] For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Amended

---

[1] On February 3, 2026, the Court ordered supplemental briefing addressing the status of Petitioner's parole at the time of his arrest and the date and circumstances surrounding his arrest, including all relevant facts. ECF No. 22.

Petition for Writ of Habeas Corpus (ECF No. 12) and **GRANTS** Respondents' Motions to Seal (ECF Nos. 25, 26).

**BACKGROUND**

Petitioner is a native Ukraine and citizen of Ukraine and Russia. Ret. at 2. Petitioner most recently entered the United States on April 17, 2022, where he was apprehended at the border. Pet. Supp. at 2. Petitioner was released on humanitarian parole that expired on April 17, 2024.[2] *Id.* While on parole, Petitioner applied for asylum and lived in the United States without issue. *Id.* Petitioner is married and has five minor children. Pet. at 3. Petitioner was re-detained on May 30, 2025, at which time DHS commenced removal proceedings. Ret. at 2. On October 17, 2024, an Immigration Judge ordered Petitioner removed to Ukraine. Pet. at 4–5; Ret. at 2. However, Petitioner alleges that he maintained throughout removal proceedings that he is not a citizen of Ukraine, as he renounced his citizenship in 2019.[3] Pet. at 5. Petitioner further submits that he is a citizen of the Russian Federation and was granted withholding of removal to Russia. *Id.* Petitioner appealed the Immigration Judge's decision, and his appeal remains pending. *Id.* He has submitted multiple requests to ICE for bond and humanitarian parole to no avail. *Id.* Petitioner's first two requests for bond were withdrawn by Petitioner's former counsel. Pet. Supp. at 10. Petitioner received a bond hearing on January 26, 2026, where bond was denied finding that Petitioner was an "arriving alien" thus the immigration judge could not redetermine conditions of custody. Resp. Supp., Ex. B.

**LEGAL STANDARD**

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial

---

[2] The exact date of Petitioner's parole expiration is unclear from the current record but is inconsequential to the Court's analysis.

[3] Respondents submit that Petitioner is a citizen of both Ukraine and Russia, as he has not offered proof of his renunciation of Ukrainian citizenship. Ret. at 1 n.2.

2

body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

## I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) because Petitioner's claim arises from the decision to commence removal proceedings. Ret. at 3–5. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

25-CV-3393 JLS (DDL)

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order.  Rather, Petitioner is challenging his prolonged detention without an individualized bond hearing.  Pet. Supp. at 10–11.  Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.    Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).  However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases).  In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).  Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing.  Petitioner's length of detention, nearing ten months, without a substantive bond hearing[4]

---

[4] While Petitioner was given a bond hearing on January 26, 2026, the Immigration Judge did not consider whether Petitioner was a flight risk or a danger to the community.  Resp. Supp., Ex. B.  Rather, the

25-CV-3393 JLS (DDL)

weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at \*4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at \*4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner likely has reason to anticipate significant future detention during his appellate process since a BIA appeal itself can take months, and afterward, a petitioner may appeal to the Ninth Circuit. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019). This weighs even more in Petitioner's favor since Respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at \*3 (N.D. Cal. Jan. 8, 2020). Respondents argue only that Petitioner has already received a bond hearing, and that Respondents have not delayed removal proceedings. Resp. Supp. at 3. However, Respondents fail to address Petitioner's pending appeal. *See* Ret. Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings weighs against Petitioner as Petitioner's former counsel withdrew two requests for bond. *See* Resp. Supp. at 3. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

///

Immigration Judge denied bond based on a finding that Petitioner is classified as an "arriving alien" and subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 2. The Court has already determined that Petitioner "is not lawfully subject to mandatory detention under § 1225." ECF No. 22 at 2 (citing *Cruz-Flores v. Noem*, 25-CV-3263 JLS (VET), 2025 WL 3526830, at \*4 (S.D. Cal. Dec. 9, 2025)). Petitioner was granted humanitarian parole subject to a Form I-94, granting him parole for two years. Pet. Supp. at 2. Petitioner is not a newly arrived noncitizen seeking admission at the border, as Petitioner has been in the United States since April 2022. *Id.* Therefore, due process requires an individualized analysis of Petitioner's circumstances.

25-CV-3393 JLS (DDL)

## MOTIONS TO SEAL

Also before the Court are Respondents' Motions to File Documents Under Seal (ECF Nos. 25, 26).[5]  Having carefully considered Petitioner's arguments, the information Petitioner seeks to seal, and the relevant law, the Court **GRANTS** Respondents' Motions.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130.  The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102.  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.  When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).  "In general,

---

[5] The Court notes that ECF Nos. 25 and 26 are identical and may have been filed twice accidentally.  *See* Docket.

25-CV-3393 JLS (DDL)

'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Here, Respondents seek to seal Exhibit A of their Response to Petitioner's Supplemental Briefing (ECF No. 24) "because it contains private medical information that warrant sealing under the compelling reasons standard." ECF No. 25 at 1. The Court finds that this request is narrowly tailored and sufficiently meets the compelling reasons standard. Therefore, the Court **GRANTS** Respondents' Motions to Seal (ECF Nos. 25, 26). The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted documents submitted by Petitioner at ECF No. 27.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 12), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.

/ / /

/ / /

25-CV-3393 JLS (DDL)

The Parties **SHALL** file a Joint Status Report by <u>April 6, 2026</u>, informing the Court of the outcome of the hearing.  As this concludes the litigation in this matter, the Clerk **SHALL** close the file.

   **IT IS SO ORDERED.**

Dated:  March 16, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3393 JLS (DDL)